IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 13-CV-02430-RM-KMT

LEPRINO FOODS COMPANY,

    Plaintiff,

v.

DCI, INC.,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

IT IS HEREBY STIPULATED by all parties to this action, by and through their respective attorneys of record herein, that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The terms of this Protective Order are consistent with the Protective Order requirements set forth in *Gillard v. Boulder Valley School District RE-*2, 196 F.R.D. 382, Appendix A (D. Colo. 2000).

The parties acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal.  Local Rule 7.2 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

## DEFINITIONS

A.   <u>Party or Parties</u>:  The employees of any party to this action, including employees of any party's department, division, or bureau or any party's parent or subsidiary companies, who have a need to know about information exchanged during the course of this action for the purposes of either monitoring or overseeing the action, or evaluating and advising counsel with respect to the action, together with outside counsel for any party and outside counsel's support staff.

B.   <u>Confidential Material</u>:  all information, regardless of the manner in which it is generated or maintained (including without limitation any deposition or other testimony, transcripts, or tangible things), that is protected under Colorado or federal law as confidential business information, trade secrets, or as being within the zone of privacy of an individual or entity.  Confidential Material shall include, but not be limited to, any copies, excerpts, summaries, or compilations from such information, as well as testimony by witnesses or statements by counsel that reveal the contents of such information.

C.   <u>Retained Expert and Consultants</u>:  a person who has been retained by a Party or its counsel to serve as an expert witness or a consultant in this action.

D.   <u>Witness</u>:  any person whom a Party consults as a potential witness in connection with this action.

E.      <u>Termination</u>:  unless extended in writing signed by all Parties, the date on which the judgment is deemed final.

**TERMS**

1.      This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.      As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.      CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a)     attorneys actively working on this case;

(b)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)     the parties;

(d)     retained expert witnesses and consultants;

(e)     the Court and its employees ("Court Personnel");

  (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

  (g) deponents, Witnesses, or potential witnesses;

  (h) other persons by written agreement of the parties; and

  (i) the parties insurance claims adjusters or other insurance handling professionals; and

  (j) as required by Court Order or insurance regulation or statute.

 5. Prior to disclosing any CONFIDENTIAL information to retained expert witnesses and consultants, or to non-party witnesses or potential witnesses other than during a deposition, counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions, as set forth in Exhibit A to this Order.  All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

 6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."   Prior to any document being designated as CONFIDENTIAL, a Party or any third party producing documents pursuant to this Order shall have the documents reviewed by counsel who will certify that the CONFIDENTIAL designation is based on a good faith belief that the information or document is in fact confidential or otherwise entitled to protection.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information and the basis for the objection. The parties shall meet and confer, but if they cannot resolve the objection, the party objecting to the designation of information as CONFIDENTIAL may seek the Court's assistance as authorized by this Court.  If any objection to the designation of CONFIDENTIAL information is raised, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the dispute.  The party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists or the disputed information to be treated as CONFIDENTIAL.

9. Unless otherwise agreed to in writing by the Producing Party, within sixty days after Termination, each Receiving Party must return all Confidential Material to the Producing Party.  With written permission from the Producing Party, the Receiving Party may destroy some or all of the Confidential Material instead of returning it.  Whether the Confidential Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party by the sixty day deadline that generally identifies all

the Confidential Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies of any of the Confidential Material. Notwithstanding this provision, counsel are entitled to retain a copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Material. Any such copies that contain or constitute Confidential Material remain subject to this Confidentiality Agreement. Confidential information retained by Defendant's liability carrier, Travelers Insurance Company, shall be destroyed at the earliest date that permits Travelers to comply with its retention obligations under applicable insurance regulations, including anti-fraud regulations; and evidentiary holds in connection with other litigation; statutory regulations, and Travelers' regular business practices for destruction of documents.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

11. In the event that a Party seeks discovery from a non-party to this action, the non-party may designate its responsive information CONFIDENTIAL so that such information is subject to the terms of this Protective Order and that producing non-party shall then be a producing Party under this Protective Order. Any such non-party who produces information pursuant to the terms of this Protective Order agrees that this Court shall determine any issues related to the production or testimony of that information.

12. Even after termination, the confidentiality obligations imposed by this Confidentiality Agreement shall remain in effect until all Parties agree otherwise in writing or a court with jurisdiction otherwise directs.

13. Any party may give written notice to other party requesting the return of documents that are claimed to be subject to the attorney-client privilege or work product protection and inadvertently produced or disclosed. The production or disclosure of privileged or work-product protected documents, electronically stored information or other information, shall not operate as a waiver as set forth in Federal Rule of Evidence 502(b). If a dispute arises between the parties as to whether the documents requested returned are privileged or protected, or as to whether any such privilege or protection was waived, the parties shall meet and confer, but if they cannot resolve the dispute, the party requesting the return of the documents may seek the Court's assistance as authorized by this Court. Where the standards set forth in Federal Rule of Evidence 502(b) are satisfied, the inadvertent production of privileged or work-product protected documents, electronically stored information or other information, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state court proceeding.

Dated: February 21, 2014

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge

**CAMPBELL, KILLIN, BRITTAN & RAY, LLC**

By: s/William C. Brittan
William C. Brittan, #17643
Margaret R. Pflueger, #39780
CAMPBELL, KILLIN, BRITTAN & RAY, LLC
270 St. Paul Street, Suite 200
Denver, CO 80206

Phone: (303) 322-3400
Fax: (303) 322-5800
Email: bbrittan@ckbrlaw.com

**SHEPPARD MULLIN RICHTER & HAMPTON, LLP**

Arthur Friedman
4 Embarcadero Center, 17th Fl.
San Francisco, California 94111
Phone: (415) 434-9100
Email: afriedman@sheppardmullin.com

Harold Hamersmith
333 South Hope Street, 48th Fl.
Los Angeles, California 90071
Phone: (213) 620-1780
Email: hHamersmith@sheppardmullin.com

**ATTORNEYS FOR PLAINTIFF
LEPRINO FOODS COMPANY**


**THE ROSS-SHANNON LAW FIRM, P.C.**

By: s/ Michael O. Frazier
Michael O. Frazier, #23189
Mark J. Gauthier, #21349
THE ROSS-SHANNON LAW FIRM, P.C.
12596 West Bayaud Ave., #380
Lakewood, CO
Phone: (303) 988-9500
Fax: (303) 988-9511
Email: mfrazier@ross-shannonlaw.com
          mgauthier@ross-shannonlaw.com

**DORSEY & WHITNEY LLP**

Gregory S. Tamkin, #27105
Wewatta Street, Suite 400
Denver, CO 80202
Phone: (303) 629-3400
Fax: (303) 629-3450
Email: tamkin.greg@dorsey.com

**ATTORNEYS FOR DEFENDANT DCI, INC.**

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado in the case of Leprino Foods Company v. DCI, Inc., Case No. 13-CV-02430-RM-KMT.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____
                    [printed name]

Signature: _____
                    [signature]